UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
RAMON LOPEZ,

                Plaintiff,

  - against -

TINA M. SANFORD, NYS Board of Parole Chairwoman;
FELICE MURACA, Nassau County Family Court Justice;
MAYRA I. LOPEZ, Nassau County District Attorney;
SHAW, NYS Senior Parole Officer, Brooklyn Parole
  Division;
LISA DUQUESNAY, NYS Parole Officer, Brooklyn
  Parole Division;
AUDRA GRANT, Revcore, Clinical Director;
RAYNA RAMIREZ, Revcore, Clinical Legal Liaison; and
NEW YORK STATE BOARD OF PAROLE,

                Defendants.
---------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
18-CV-3493 (RRM)(LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff Ramon Lopez, appearing *pro se*, brings this action pursuant to 42 U.S.C. §1983 challenging, *inter alia*, certain conditions of his parole and supervision, including restrictions on his use of a smartphone and the internet, required terms of supervision as a sex offender, the failure to approve plaintiff's residence, occupational restrictions, and the imposition of required substance abuse treatment. (*See* Amended Complaint (Doc. No. 7).) Lopez seeks preliminary injunctive relief and, in the interim, temporary restraint of the conditions he challenges. (Mot. for Inj. and TRO (Doc. No. 6).) Lopez also requests *pro bono* counsel. (*Id*. at 4.) For the reasons set forth below, both motions are denied.

      Lopez attaches to his Amended Complaint a number of exhibits. (*See* Exhibits A-U; 1-3 (Doc. Nos. 9, 9-1, 9-2).) However, neither the exhibits nor Lopez's Amended Complaint or any other documents provide factual allegations related to Lopez's crime of conviction, or otherwise

demonstrate that his parole conditions are not "reasonably and necessarily related" to the state's interests in light of the conduct for which Lopez was convicted. *See Farrell v. Burke*, 449 F.3d 440, 491 (2d Cir. 2006); *Birzon v. King*, 469 F.2d 1241, 1243 (2d Cir. 19720; *Trisvan v. Annucci*, 2016 WL 7335609 (E.D.N.Y. 2016). As such, Lopez has not demonstrated a likelihood of success on the merits of his claims, or sufficiently serious questions going to the merits to make them a fair ground for litigation. *Salinger v. Colting*, 607 F.3d 68 at 79-80 (2d Cir. 2010).

Lopez also requests *pro bono* counsel. (Lopez Aff. at 4.) However, there is no right to counsel in a civil case. *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 453 (2d Cir. 2013). The Court cannot compel an attorney to represent a litigant in a civil case without a fee. *Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989). Rather, the Court may only request an attorney to volunteer and in doing so, looks to a number of factors to determine whether it is appropriate to request a volunteer attorney for a particular case. A paramount consideration is whether the plaintiff's position is "likely to be of substance." *Ferelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 204 (2d Cir. 2003). At this stage of the litigation, and for the reasons stated above, Lopez's Amended Complaint does not establish the threshold requirement that a plaintiff's claims are "likely to be of substance."

For these reasons, Lopez's motion for preliminary and temporary restraints, and for counsel, are denied without prejudice. The Clerk of Court shall mail a copy of this Memorandum and Order to plaintiff, and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York  
       July 30, 2018

*Roslynn R. Mauskopf*

_____  
ROSLYNN R. MAUSKOPF  
United States District Judge